IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re NETFLIX, INC., SECURITIES LITIGATION | ) Case No. 12-00225 SC )<br>) ORDER DENYING MOTION TO ALTER<br>) OR AMEND THE JUDGMENT AND<br>) MOTION FOR LEAVE TO FILE<br>) AMENDED COMPLAINT |

### I.   INTRODUCTION

Now before the Court are Plaintiffs Arkansas Teacher Retirement System and State-Boston Retirement System's ("Plaintiffs") motion (1) to alter or amend the Court's September 2013 judgment and (2) for leave to file their proposed second amended complaint. ECF No. 117 ("Mot."). The motion is fully briefed, ECF Nos. 119 ("Opp'n"), 120 ("Reply"), and appropriate for resolution without oral argument, Civ. L.R. 7-1(b). As explained below, the motion is DENIED.

### II.  BACKGROUND

The parties are familiar with this case's facts. A brief procedural summary follows. The original complaint in this case was filed on January 13, 2012. After their appointment as lead plaintiffs, Plaintiffs filed a new consolidated class action

complaint ("CCAC") on June 26, 2012. It asserted that Defendants[1] made numerous false and misleading statements concerning: (1) Netflix's accounting practices (including Netflix's alleged violation of general accepted accounting principles ("GAAP")), (2) the "virtuous cycle" of accumulating customers and content, (3) streaming's profitability relative to the DVD business, (4) Netflix's statements about its pricing changes, and (5) Defendants' statements to the SEC. The Court dismissed the CCAC on February 13, 2013, finding that Plaintiffs' factual allegations did not plausibly support their claim that Defendants made false statements. ECF No. 102 ("Feb. 13 Order").

Plaintiffs filed their first amended complaint ("FAC") on March 22, 2013, which abandoned the GAAP and virtuous cycle claims. It focused on Plaintiffs' other theories, adding some detail about them as well as the statements of a new confidential witness. The Court dismissed the FAC with prejudice on August 20, 2013, finding again that Plaintiffs failed to plausibly allege a false statement and that amendment would be futile. ECF No. 114 ("Aug. 20 Order"). Five weeks later, Defendants asked the Court to enter judgment in their favor, which the Court did on September 27, 2013. ECF No. 116. Plaintiffs took no action during the intervening time. On October 25, 2013, Plaintiffs filed the instant motion, asking the Court to vacate its judgment per Rule 59 or relieve them of the judgment per Rule 60(b), and also to give Plaintiffs leave to file

---

[1] Netflix, Inc. ("Netflix"); Netflix Co-Founder, Chairman of the Board, and CEO Reed Hastings; current Netflix CFO David Wells; and Barry McCarthy, Netflix's CFO until December 10, 2010 (collectively "Defendants").

2

their proposed second amended complaint ("PSAC"). Defendants oppose the motion.

## III. LEGAL STANDARDS

### A. Rule 59(e)

Rule 59(e) gives district courts "considerable discretion" when considering motions to alter or amend judgments. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003). This is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations and quotation marks omitted). "Judgment is not properly reopened absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001) (internal citations and quotation marks omitted). Rule 59(e) cannot be used to raise arguments that could reasonably have been made earlier in the litigation. Kona Enters., 229 F.3d at 890.

Plaintiffs argue that the Court committed "manifest legal error" in its August 20 Order. Such an error must be "plain and indisputable," amounting "to a complete disregard of the controlling law or the credible evidence in the record." Moss v. Tiberon Minerals Ltd., No. 07-2732 SC, 2008 WL 686833, at *1 (N.D. Cal. Mar. 11, 2008) (citation omitted).

///
///

**B.   Rule 60(b)**

Under Rule 60(b), the Court can "relieve a party or its legal representative from a final judgment, order, or proceeding" for one of six reasons. Plaintiffs do not specify which reason might apply here, though they do assert that relief is possible "for, among other things, 'mistake,' 'newly discovered evidence,' or 'any other reason that justifies relief.'" Mot. at 5. Plaintiffs' main argument is that the Court made a mistake in failing to consider Plaintiffs' argument in opposition to Defendants' motion to dismiss Plaintiffs' FAC. In such cases, Plaintiffs have to "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Benson v. J.P. Morgan Chase Bank, N.A., Nos. C-09-5272 MEJ, C-09-5560 MEJ, 2010 WL 4010116, at *5 (N.D. Cal. Oct. 13, 2010) (internal citations omitted). No newly discovered evidence is at issue here, so that section of the rule does not apply. Cf. Fed. R. Civ. P. 60(b). The final section Plaintiffs cite -- the catch-all applying when the reason for granting relief is not covered by Rule 60's other provisions -- is a rarely-applied equitable remedy, to be used only when some hardship or extraordinary circumstance demands that the Court prevent or correct an erroneous judgment. See, e.g., Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007); Fantasyland Video, Inc. v. Cnty. of San Diego, 505 F.3d 996, 1005 (9th Cir. 2007).

**IV.   DISCUSSION**

Plaintiffs claim that the Court conflated falsity with scienter, overlooked false statements pled in the FAC, misinterpreted false statements from the FAC, failed to

4

holistically consider the facts supporting scienter, and failed to draw reasonable inferences in plaintiffs' favor. See Pls. Mot. at 5-15; Reply at 3-10.

Having carefully reviewed the parties' briefs and its prior orders, the Court does not find that it erred in holding Plaintiffs' allegations insufficient to support their claims. Plaintiffs' arguments in this motion rehash those the Court found wanting.  The Court declines to revisit them in this context.  Plaintiffs' pleadings were deficient; the Court did not need to address scienter because it found that Plaintiffs failed to allege a false statement; and the Court made proper inferences per Rule 12(b)(6) motions.  Further, Plaintiffs cite nothing that would trigger Rule 60(b)'s catch-all provision.  Plaintiffs' Rule 59(e) motion is DENIED.  For the same reasons, Plaintiffs' Rule 60(b) motion is DENIED.

As to Plaintiffs' motion for leave to file their proposed second amended complaint, the Court recognizes that it is the Ninth Circuit's policy to grant such motions liberally.  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).  The Court does not find that Plaintiffs have proceeded with bad faith or dilatory motives, but they have repeatedly failed to cure deficiencies in their pleadings, and the Court previously found that amendment would be futile.  So it is here.  Plaintiffs responded to the Court's dismissal orders in this case by adjusting their complaints, see Reply at 11-12 & PSAC ¶¶ 19, 56-59, 60-94), but this amounts to removal of certain dismissed allegations and merely revisiting other failed contentions.

///

1    The Court has no doubt that Plaintiffs have endeavored in good
2 faith to meet the heightened pleading requirements and to comply
3 with the Court's guidance, but their arguments simply failed then
4 and would, even on de novo review of an amended complaint, fail
5 again. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-
6 52 (9th Cir. 2003) (holding that leave to amend is often proper
7 except when it is clear that, on de novo review, amendment would be
8 futile, and noting that alleging and re-alleging the same failed
9 theories generally leads to failure). Plaintiffs' motion for leave
10 to file their proposed second amended complaint is DENIED.

11    Finally, Defendants ask the Court to review Plaintiffs'
12 filings in this case for violations of Rule 11(b). Opp'n at 17-18.
13 Here they cite the following language from the Private Securities
14 Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4: "In any
15 private action arising under this chapter, upon final adjudication
16 of the action, the court shall include in the record specific
17 findings regarding compliance by each party and each attorney
18 representing any party with each requirement of Rule 11(b) of the
19 Federal Rules of Civil Procedure as to any complaint, responsive
20 pleading, or dispositive motion." Defendants note that the Seventh
21 Circuit has recently held such a review to be mandatory for lower
22 courts. City of Livonia Emps.' Ret. Sys. v. Boeing Co., 711 F.3d
23 754, 757 (7th Cir. 2010) (remanding a PSLRA case for Rule 11(b)
24 review). A review of each party's filings in this case does not
25 suggest that either party breached Rule 11.
26 ///
27 ///
28 ///

**V. CONCLUSION**

As explained above, Plaintiffs Arkansas Teacher Retirement System and State-Boston Retirement System's motion to alter or amend the judgment and for leave to file a proposed second amended complaint is DENIED.

IT IS SO ORDERED.

Dated: January 17, 2014

UNITED STATES DISTRICT JUDGE